IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas Tiedemann, # 364050,                )<br>                                                              )<br>         Plaintiff,                                      )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>Southern Health Partners, Inc.; Mellissa Van Dusor, )<br>*Medical Director, J. Reuben Long*; Thomas Fox, )<br>*Director of Detention*; Horry County; *and*      )<br>J. Reuben Long Detention Center,             )<br>                                                              )<br>         Defendants.                                 )<br>_____) | Civil Action No: 4:15-5075-RMG<br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge recommending that the Court summarily dismiss the J. Reuben Long Detention Center (the "Detention Center") from this action. (Dkt. No. 13.) Plaintiff has filed no objections. The Court adopts the R. & R. and dismisses the Detention Center from this action.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Where no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of objections to the R. & R., the Court need not explain adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

1

## Discussion

Plaintiff Thomas Tiedemann filed a civil rights action pursuant to 42 U.S.C. § 1983 and named the Detention Center, where he was once an inmate, as a Defendant. (Dkt. No. 1.) The Magistrate Judge authorized service of process on the other Defendants but recommends summarily dismissing the Detention Center from this action. (Dkt. No. 11.)

The Court agrees that Plaintiff's claims against the Detention Center cannot proceed. To state a § 1983 claim, an aggrieved party must allege that he was injured by "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under the color of state law." 42 U.S.C. § 1983. The Detention Center is not a "person" subject to suit under § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983.") *rev'd in part on other grounds* 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. 2000) (unpublished); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the R. & R. (Dkt. No. 13) as the Order of the Court. The Court **DISMISSES** the J. Reuben Long Detention Center from this action without prejudice and without service of process.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

March 3O, 2016
Charleston, South Carolina