UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THOMAS TIEDEMANN, ) | Civil Action No.: 4:15-cv-5075-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| SOUTHERN HEALTH PARTNERS, INC., ) | |
| MELLISA VAN DUSOR, Medical Director, ) | |
| THOMAS FOX, Director of Detention, ) | |
| HORRY COUNTY, ) | |
| J. REUBEN LONG DETENTION CENTER,) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He also alleges state law claims. Presently before the court are Plaintiff's Motions to Amend (Documents # 18, 30, 39), Motion to Compel (Document # 46), and Motions to Appoint Counsel (Documents # 57, 66). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.     MOTIONS TO AMEND COMPLAINT

Plaintiff seeks to add new Defendants, although it is not clear exactly who Plaintiff seeks to add. He first states he would like to add "Doctor" and "Head Nurse," who were under the employment of Defendant Southern Health Care Partners, Inc. He later asks the court to add "the Doctor of Indian Decent" [sic], the nurse referred to as "Head Nurse," "Nurse Jessica," "Nurse Nece" and all other individuals who were responsible for his health and safety during his pretrial detention

at issue in this case.

He next seeks to amend his complaint to add that Defendants are being sued in their official and individual capacities. He also asks to amend his request for relief for "negligent indifference in the amount of two million dollars, gross negligent indifference, compensatory damages, declaratory judgment, punitive damages. Also pay court fees and lawyer fees."

Finally, Plaintiff seeks to amend his complaint to add "Mrs. Melissa Van Duser" as a Defendant. However, Plaintiff has already named this Defendant, although he apparently misspelled her name as "Mellisa Van Dusor." Melissa Van Duser has filed an answer in this case.

Plaintiff has submitted a proposed amended complaint. However, it includes only "Melissa Van Duser" as a Defendant in her official and individual capacities and the amendment to his request for relief. It does not include any of the of the requested additional Defendants, any of the originally named Defendants, or any of the original allegations. Plaintiff has also submitted new service documents, but only for Melissa Van Duser, who has already filed an answer in this case.

Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely when justice so requires. Therefore, Plaintiff's motions are granted. However, **Plaintiff must file one, complete amended complaint in accordance with his motions as well as the requisite service documents within ten days of the date of this order. If Plaintiff fails to do so, the original complaint will remain in place.**

### III.  MOTION TO COMPEL

Plaintiff also moves for an order compelling Defendants to provide full and complete responses to his requests for production of documents. Defendants Southern Health Partners and Melissa Van Duser (the Medical Defendants) responded to Plaintiff's discovery requests, but Plaintiff complains that their responses were not adequate because (1) he requested "taped" progress

and non-progress notes and (2) certain records were redacted because they were outside the time period requested.

Specifically, Plaintiff requested "a copy of all progress and non progress reports that was [sic] taped during August 19, 2013, thru December 25, 2013." See Plaintiff's First Request for Production of Documents (Ex. to Pl. Motion (Document # 46-1)). In their response to the motion to compel, counsel for the Medical Defendants stated that he read "taped" as a typo for "typed" and responded accordingly. The Medical Defendants supplemented their response to the discovery request to provide that no "tapes" exist. See Supplemental Discovery Responses (Ex. B to Def. Resp. (Document # 49-2)). The Medical Defendants note that the medical records, which have already been produced, are kept electronically, and no audio tapes are used. See Records Custodian Affidavit of Janet Stevens (Ex. C to Def. Resp. (Document # 49-3)).

Plaintiff also requested "[a] copy of all medical records, report of Plaintiff by medical Dept. of J. Reuben Long from August 19, 2013, through December 25, 2013." See Plaintiff's First Request for Production of Documents (Ex. to Pl. Motion (Document # 46-1)). Plaintiff complains that some of the records produced by the Medical Defendants are redacted. The Medical Defendants note that they limited the production of Plaintiff's medical records to the time frame requested by Plaintiff. Therefore, even though Plaintiff had been detained at the J. Reuben Long Detention Center for brief periods of time in April 2013 and May 2015, because Plaintiff did not request documents for these dates, they either did not produce documents with medical records for those dates or redacted those portions if otherwise responsive information was included on the same page. The Medical Defendants also supplemented their responses with "screen shots of the electronic entries for [Plaintiff], in an effort to demonstrate that he received the corresponding records for August to December 2013, and only did not receive records for April 2013 and May 2015." See Supplemental

Discovery Responses (Ex. B to Def. Resp. (Document # 49-2)).

In sum, because the Medical Defendants have provided Plaintiff with the documents requested or provided by way of affidavit that no such materials (such as "tapes") exist, Plaintiff's motion to compel is denied.[1]

### IV.    MOTIONS FOR APPOINTMENT OF COUNSEL

This court previously denied Plaintiff's motion for appointment of counsel, see Order (Document # 11), finding no exceptional circumstances that would warrant appointment in a civil action. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has since filed two additional motions for appointment of counsel. In addition to the same grounds raised in his first motion, Plaintiff adds to the subsequent motions that he has been diagnosed with colon cancer and is undergoing treatment, which causes great fatigue, and once treatment is complete, he will undergo surgery. While the court is not unsympathetic to Plaintiff's medical treatment, the fact remains that this civil rights action does not present complex issues, and, to this point, Plaintiff has demonstrated that he is capable of representing himself in this matter. Therefore, his motions for appointment of counsel are denied.

### V.    CONCLUSION

For the reasons discussed above, Plaintiff's Motions to Amend (Documents # 18, 30, 39) are **GRANTED**, Motion to Compel (Document # 46) is **DENIED**, and Motions to Appoint Counsel (Documents # 57, 66) are **DENIED**. As set forth above, **Plaintiff must file one, complete amended complaint in accordance with his motions as well as the requisite service documents within ten**

---

[1] On the same day he filed his motion to compel, Plaintiff also filed a motion for extension of time "to receive and respond to complete discovery." Pl. Motion (Document # 47). However, because the court finds that Defendants' discovery responses were proper, no additional time is necessary. Therefore, the motion is **DENIED**.

days of the date of this order.  If Plaintiff fails to do so, the original complaint will remain in place.

**IT IS SO ORDERED.**

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

February 2, 2017
Florence, South Carolina