UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THOMAS TIEDEMANN, ) | Civil Action No.: 4:15-cv-5075-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| SOUTHERN HEALTH PARTNERS, INC., ) | |
| MELLISA VAN DUSOR, Medical Director, ) | |
| THOMAS FOX, Director of Detention, ) | |
| HORRY COUNTY, ) | |
| J. REUBEN LONG DETENTION CENTER,) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

I. **INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He also alleges state law claims. Presently before the court is Plaintiff's Motion for Discovery (ECF No. 109) and Motion for Continuance (ECF No. 110). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In his Motion for Discovery, Plaintiff asks that Defendants produce "a copy of the log-book of Unit C-1 during the time the Plaintiff was held in that unit at J. Rueben Long Detention Center, from August 19, 2013, thru [sic] December 25, 2013," and "[t]apes that Southern Health Partners, Inc. have previously denied were taped. Thru discovery now received by the Plaintiff, he can now identify that Dr. Charles A. Bush taped each bi-weekly progress and non-progress sessions. Dr. Bush was adamant about the taping of all these sessions that took place." ECF No. 109. In a separate letter that was docketed as a Motion for Continuance, Plaintiff asks for a continuance "on

this filing" and for summary judgment[1] to be extended. ECF No. 110. Plaintiff asserts that numerous circumstances prevented him from filing anything prior to December 1, 2017, including a lock down for the month of November, failure of the mail room to make copies for him and the unavailability of a notary public.

An Amended Scheduling Order (ECF No. 106) was entered in this case on September 12, 2017, providing a discovery deadline of November 13, 2017. The scheduling order states that "all discovery requests shall be served in time for the responses thereto to be served by this date." Plaintiff had sufficient time prior to the lock down and subsequent events in the month of November to conduct his discovery. Plaintiff did not serve these discovery requests on Defendants as required by Rules 33 and 34 of the Federal Rules of Civil Procedure prior to filing his motion. The court does not become involved in discovery matters until requests have been made pursuant to the Rules and a dispute arises thereafter. Thus, Plaintiff's requests are both untimely with no good cause for an extension and procedurally infirm.[2] As such, his motions are **DENIED**.

**IT IS SO ORDERED**.

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

February 14, 2018
Florence, South Carolina

---

[1] At the time Plaintiff filed his request, no motion for summary judgment had been filed.

[2] Further, his request for "[t]apes that Southern Health Partners, Inc. have previously denied were taped" has already been addressed in an Order (ECF No. 76) on a previous Motion to Compel. Plaintiff's Motion was denied because Southern Health Partners provided by way of affidavit that no such tapes exist. Plaintiff asserts that, based on additional discovery, he knows that Dr. Bush did make such tapes. Dr. Bush has provided an additional affidavit stating that no such tapes exist, he dictated information regarding sessions with Plaintiff, and Plaintiff has received the printed copies of that dictation, which are stamped "dictation." Bush Aff. ¶ 2 (ECF No. 114-1).