IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Thomas Tiedmann, | ) | Civil Action No. 4:15-5075-RMG |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Thomas Fox, Director of Detention; J. Duncan, Booking Officer; Horry County; Charles A. Bush, M.D.; D. Collins, LPN; S. Michallet, LPN; and Southern Health Partners, | ) | |
| Defendants. | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 143) recommending that the Court grant the motion for summary judgment by Defendants Southern Health Partners, Inc. and Charles A. Bush, M.D. (the "Medical Defendants") (Dkt. No. 115) and dismiss Plaintiff's claims against Defendants Thomas Fox, J. Duncan and Horry County (the "County Defendants"). For the reasons set forth below, the Court adopts the R & R as the order of the Court, grants the Medical Defendants' motion for summary judgment and dismisses with prejudice Plaintiff's claims against the County Defendants.

I. **Background**

Plaintiff is a pro se litigant alleging pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights by failing to provide him sufficient medical care at the J. Reuben Long Detention Center. Plaintiff was a pre-trial detainee at the J. Reuben Long Detention Center from August to December, 2013. Plaintiff was taken to the J. Reuben Long

-1-

Detention Center after being discharged from the Grand Strand Hospital in August 2013, where he was treated for two months following a car accident.

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of

demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

#### A. Plaintiff's Claims Against the Medical Defendants

The Court finds that the Magistrate Judge ably addressed the issues raised and appropriately concluded that Medical Defendants are entitled to summary judgment. The Medical Defendants demonstrated that there is no genuine dispute of material fact regarding whether they provided inadequate care in violation of Plaintiff's constitutional rights. The record is replete with evidence demonstrating Defendant Bush provided appropriate and professional medical care under the circumstances that does not reveal a deliberate indifference to Plaintiff's objectively serious medical needs. (Dkt. Nos. 50-3, 114-1.) Moreover, as the Magistrate Judge noted, Defendant Southern Health Partners is a corporation not amenable to suit under Section 1983 by virtue of employing Defendant Bush. *See, e.g., Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) ("[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights."). Accordingly, the Medical Defendants' motion for summary judgment (Dkt. No. 115) is granted.

### B. Plaintiff's Claims Against the County Defendants

The Magistrate Judge correctly determined that Plaintiff abandoned his claims against Defendants Fox, Duncan and Horry County by failing to respond to their motion for summary judgment after warning from the Magistrate Judge. The Court may dismiss claims that the Plaintiff has failed to prosecute, as Plaintiff has here, pursuant to Federal Rule of Civil Procedure 41(b). *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting when dismissal pursuant to Rule 41(b) may be appropriate). And, in any event, the record reflects no dispute of material fact pursuant to Rule 56 regarding whether Plaintiff received inadequate medical care such that the County Defendants were willfully indifferent to Plaintiff's medical needs. (Dkt. Nos. 50-3, 114-1.) Accordingly, Plaintiff's claims against the County Defendants are dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 143) as the order of the Court, **GRANTS** the Medical Defendants' motion for summary judgment (Dkt. No. 115) and **DISMISSES WITH PREJUDICE** Plaintiff's claims against the County Defendants.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 6, 2018
Charleston, South Carolina